DAVID B. BARLOW (#13117)
United States Attorney
JOHN K. MANGUM (#2072)
185 South State Street, Suite 300
Salt Lake City, UT 84111
Telephone: (801) 524-5682

RICK WATSON (*pro hac vice coming*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Tel: (202) 353-0300

Attorneys for United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil No. 2:13-cv-00850 DBP |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY J. GLEAVE and JOSEFINA CAMPBELL, | ) ) | COMPLAINT |
| | ) | Magistrate Judge Dustin B. Pead |
| Defendants. | ) | |
| | ) | |

The plaintiff, the United States of America ("United States"), through its undersigned counsel, alleges the following**:**

## **INTRODUCTION**

1. This is a civil action brought by the United States to reduce to judgment the outstanding federal tax liabilities assessed against defendant Larry J. Gleave and to foreclose federal tax liens against a parcel of real property located in Utah in which he has an interest, as

further described below.

## AUTHORIZATION FOR SUIT

2. This action is brought pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

4. Venue properly lies in the District of Utah pursuant to 28 U.S.C. § 1396 because the tax liabilities accrued in Utah. Additionally, venue is proper pursuant to § 1391(b) because the subject parcel of real property is located in Utah.

## IDENTIFICATION OF DEFENDANTS

5. Defendant Larry J. Gleave currently resides in Richfield, Utah, within the jurisdiction of this Court.

6. Defendant Josefina Campbell is named as a defendant in accordance with 26 U.S.C. § 7403(b) because she may claim an interest in the parcel of real property at issue in this suit.

## TRANSFERS OF THE SUBJECT PROPERTY

7. The parcel of real property which is the subject of this action is located in Sevier County, Utah, and is hereinafter referred to as "the real property." That parcel is known by the street address of 460 East Landslide Road, Richfield, Utah, and is legally described as follows:

> The Northwest Quarter of the Northwest Quarter of Section 25, Township 24 South, Range 3 West, Salt Lake Basin and Meridian.
>
> EXCEPTING THEREFROM ½ of all minerals, oil and gas rights, together with the right of ingress and egress for the purpose of exploring and/or removing the same.
>
> EXCEPTING THEREFROM that portion lying within County Road right of way.

8. On or about July 18, 1996, defendant Larry J. Gleave entered into a Real Property Purchase Agreement with defendant Josefina Campbell, whereby Larry J. Gleave agreed to purchase the real property for the sum of $260,000.00, plus interest, payable in monthly installments.

9. As of the filing date of this lawsuit, defendant Larry J. Gleave has failed to completely pay defendant Josefina Campbell the full amount due and owing under the Real Property Purchase Agreement described in paragraph 8, above.

### FIRST CLAIM FOR RELIEF: REDUCTION OF FEDERAL TAX ASSESSMENTS AGAINST LARRY J. GLEAVE TO JUDGMENT

10. The United States re-alleges paragraphs 1 through 9, above.

11. On the dates and in the amounts set forth below, a delegate of the Secretary of the Treasury made timely assessments for unpaid federal income taxes, interest, penalties and other statutory additions accruing thereto, against Larry J. Gleave for tax periods 1997, 1999 through 2005, and 2006 through 2011:

| Tax Period Ending | Tax Type | Assessment Date | Assessed Amount[1/] |
|---|---|---|---|
| 12/31/1997 | 1040 | 10/01/2007<br><br>03/25/2013 | $40,674.00 (T)<br>$44,473.28 (I)<br>$1,903.18 (P1)<br>$9,136.57 (P2)<br>$10,151.75 (P3)<br>$26,134.74 (P3) |
| 12/31/1999 | 1040 | 10/02/2006 | $116,124.00 (T)<br>$71,874.79 (I)<br>$1,848.00 (P1)<br>$8,659.80 (P2)<br>$29,013.50 (P3) |
| 12/31/2000 | 1040 | 10/02/2006 | $117,712.00 (T)<br>$54,300.52 (I)<br>$1,940.00 (P1)<br>$8,117.55 (P2)<br>$29,409.50 (P3) |
| 12/31/2001 | 1040 | 10/02/2006<br><br>11/20/2006 | $119,652.10 (T)<br>$41,687.92 (I)<br>$1,575.00 (P1)<br>$8,956.80 (P2)<br>$23,901.82 (P3)<br>$5,975.46 (P3) |
| 12/31/2002 | 1040 | 10/02/2006 | $126,753.10 (T)<br>$33,051.05 (I)<br>$4,226.15 (P1)<br>$10,436.00 (P2)<br>$26,543.97 (P3) |

---

1/ Key: **T**–Tax Assessed; **I**–Interest; **P1**–Estimated Tax Penalty, 26 U.S.C. 6654**;**; **P2**–Late Filing Penalty, 26 U.S.C. §6651(a)(1); **P3**– Failure to Pay Tax Penalty, 26 U.S.C. § 6651(a)(2).

| Tax Period Ending | Tax Type | Assessment Date | Assessed Amount[2/] |
|---|---|---|---|
| 12/31/2003 | 1040 | 07/17/2006<br><br><br><br><br>08/06/2007 | $58,531.00 (T)<br>$10,042.59 (I)<br>$1,409.00 (P1)<br>$12,294.90 (P2)<br>$6,417.29 (P3)<br>$1,187.87 (P3) |
| 12/31/2004 | 1040 | 11/14/2005<br><br><br><br>10/23/2006<br>11/22/2010 | $30,202.00 (T)<br>$1,356.56 (I)<br>$6,750.90 (P2)<br>$1,050.14 (P3)<br>$3,170.44 (P3)<br>$3,013.92 (P3) |
| 12/31/2005 | 1040 | 03/12/2007<br><br><br><br><br>11/22/2010 | $37,480.13 (T)<br>$2,956.64 (I)<br>$1,335.00 (P1)<br>$6,742.28 (P2)<br>$1,830.12 (P3)<br>$7,534.15 (P3) |
| 12/31/2007 | 1040 | 06/30/2008<br><br>07/12/2010<br><br><br>11/21/2011<br>11/19/2012 | $30,632.00 (T)<br>$169.00 (P1)<br>$24,873.00 (T)<br>$3,154.65 (I)<br>$4,974.60 (P4)<br>$3,357.85 (P3)<br>$2,860.39 (P3) |

---

2/  Key: **T**–Tax Assessed; **I**–Interest; **P1**–Estimated Tax Penalty, 26 U.S.C. 6654**;**; **P2**–Late Filing Penalty, 26 U.S.C. §6651(a)(1); **P3**– Failure to Pay Tax Penalty, 26 U.S.C. § 6651(a)(2); **P4**-Accuracy Penalty, 26 U.S.C. § 6662.

| | | | |
|---|---|---|---|
| 12/31/2008 | 1040 | 05/25/2009<br><br>07/12/2010<br><br>11/22/2010<br>11/21/2011<br>11/19/2012 | $29,174.00 (T)<br>$117.52 (I)<br>$923.00 (P1)<br>$267.51 (P3)<br>$4,558.60 (P4)<br>$22,793.00 (T)<br>$4,995.63 (P3)<br>$4,591.48 (P3)<br>$2,051.37 (P3) |
| Tax Period Ending | Tax Type | Assessment Date | Assessed Amount[3] |
| 12/31/2009 | 1040 | 11/22/2010<br><br><br><br><br>11/19/2012 | $63,124.00 (T)<br>$818.74 (P1)<br>$2,442.80 (P3)<br>$1,497.03 (I)<br>$4,974.60 (P4)<br>$12,824.70 (P3) |
| 12/31/2010 | 1040 | 11/14/2011 | $73,888.00 (T)<br>$1,231.00 (P1)<br>$1,248.30 (I)<br>$1,954.43 (P3) |
| 12/31/2011 | 1040 | 04/04/2012 | $59,837.00 (T)<br>$656.00 (P1)<br>$146.95 (I)<br>$357.85 (P3) |

12. Since the dates of the assessments described in paragraph 11, above, interest has accrued as provided by law. The total amount due and owing on the assessments described in paragraph 11, above, plus accrued but unassessed interest and other statutory additions, less payments and credits, as of June 20, 2013, was $1,013,010.33.

---

3/ Key: **T**–Tax Assessed; **I**–Interest; **P1**–Estimated Tax Penalty, 26 U.S.C. 6654**;**; **P2**–Late Filing Penalty, 26 U.S.C. §6651(a)(1); **P3**– Failure to Pay Tax Penalty, 26 U.S.C. § 6651(a)(2); **P4**-Accuracy Penalty, 26 U.S.C. § 6662.

13.  Despite timely notice and demand for payment of the assessments described in paragraph 11, above, defendant Larry J. Gleave has neglected, failed, or refused to pay the assessed amounts to the United States.

14.  Larry J. Gleave remains indebted for the balance of the assessments described in paragraph 11, above, plus accrued interest and statutory additions according to law, less any payments or credits.

## SECOND CLAIM FOR RELIEF:
## FORECLOSURE OF FEDERAL TAX LIENS AGAINST PROPERTY HELD BY LARRY J. GLEAVE

15.  The United States re-alleges paragraphs 1 through 14, above.

16.  Under Utah law, the vendee to a land sale contract holds an equitable interest in the real property that is the subject of that contract.  *Cannefax v. Clement*, 818 P.2d 546, 547 (Utah 1991).  The vendee is considered the owner of the real property, even though the vendor retains bare legal title.  *Butler v. Wilkinson*, 740 P.2d 1244, 1254 - 55 n.5 (Utah 1987).

17.  Pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments set forth in paragraph 11, above, and attached to all property and rights to property of Larry J. Gleave, including his interest in the real property.

18.  On September 8, 2009, a delegate of the Secretary of Treasury recorded in the County Recorder's Office for Sevier County, Utah, a Notice of Federal Tax Lien against Larry J. Gleave for unpaid federal tax liabilities for the 1997, 2003, and 2008 tax years.  This Notice of Federal Tax Lien attached to all property and rights to property of Larry J. Gleave, including his interest in the real property.

19. On December 22, 2006, a delegate of the Secretary of Treasury recorded in the County Recorder's Office for Sevier County, Utah, a Notice of Federal Tax Lien against Larry J. Gleave for unpaid federal tax liabilities for the 1999, 2000, 2001, 2002, and 2004 tax years. This Notice of Federal Tax Lien attached to all property and rights to property of Larry J. Gleave, including his interest in the real property.

20. On April 20, 2007, a delegate of the Secretary of Treasury recorded in the County Recorder's Office for Sevier County, Utah, a Notice of Federal Tax Lien against Larry J. Gleave for unpaid federal tax liabilities for the 2005 tax year. This Notice of Federal Tax Lien attached to all property and rights to property of Larry J. Gleave, including his interest in the real property.

21. On August 16, 2010, a delegate of the Secretary of Treasury recorded in the County Recorder's Office for Sevier County, Utah, a Notice of Federal Tax Lien against Larry J. Gleave for unpaid federal tax liabilities for the 2007 tax year. This Notice of Federal Tax Lien attached to all property and rights to property of Larry J. Gleave, including his interest in the real property.

22. On December 20, 2012, a delegate of the Secretary of Treasury recorded in the County Recorder's Office for Sevier County, Utah, a Notice of Federal Tax Lien against Larry J. Gleave for unpaid federal tax liabilities for the 2009 tax year. This Notice of Federal Tax Lien attached to all property and rights to property of Larry J. Gleave, including his interest in the real property.

23. On February 17, 2012, a delegate of the Secretary of Treasury recorded in the County Recorder's Office for Sevier County, Utah, a Notice of Federal Tax Lien against Larry J. Gleave for unpaid federal tax liabilities for the 2010 tax year. This Notice of Federal Tax Lien attached to all property and rights to property of Larry J. Gleave, including his interest in the real property.

24. On June 26, 2012, a delegate of the Secretary of Treasury recorded in the County Recorder's Office for Sevier County, Utah, a Notice of Federal Tax Lien against Larry J. Gleave for unpaid federal tax liabilities for the 2011 tax year.  This Notice of Federal Tax Lien attached to all property and rights to property of Larry J. Gleave, including his interest in the real property.

25. The United States is entitled to foreclose the federal tax liens described herein through sale of the real property.

WHEREFORE, the United States prays that the Court adjudge and decree:

A.  That defendant Larry J. Gleave is indebted to the United States in the amount of the assessments described in paragraph 11, above, together with  interest, penalties and other statutory additions as provided by law;

B.  That the United States has valid and subsisting federal tax liens by virtue of the assessments set forth in paragraph 11, above, on all property and rights to property belonging to defendant Larry J. Gleave, including his interest in the real property;

C.  That the federal tax liens against defendant Larry J. Gleave described herein be foreclosed upon his interest in the real property, that the real property be ordered sold, and that the proceeds from such sale be distributed in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

D.  That to the extent proceeds from the sale of the real properties fails to satisfy the tax liens against defendant Larry J. Gleave, a deficiency judgment in that amount be entered against defendant Larry J. Gleave ; and

E.  That the United States be awarded its costs and such other further relief as is just and proper.

DATED this 16th day of September, 2013.

               Respectfully submitted,

               DAVID B. BARLOW
               United States Attorney


               */s/ John K. Mangum*
               JOHN K. MANGUM
               Assistant United States Attorney


               RICK WATSON (*pro hac vice*)
               Trial Attorney, Tax Division
               U.S. Department of Justice
               Post Office Box 683
               Washington, D.C.  20044
               Telephone: (202) 353-0300